UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MELINDA L. LONG, )
)
    Plaintiff, )
)
  v. ) No. 4:05-CV-2369 CAS
)
ST. LOUIS BOARD OF ELECTION )
COMMISSIONERS, et al., )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss for failure to state a claim. Plaintiff has opposed the motions. For the following reasons, the Court will grant the motions and dismiss the case.

**I.    PROCEDURAL BACKGROUND**

Plaintiff Melinda Long is a former alderwoman for the City of St. Louis, Missouri, who in 2003, following a recall, was removed from that position. Long filed this pro se action pursuant to 42 U.S.C. § 1983, naming as defendants the St. Louis City Board of Election Commissioners ("Board of Elections"); the City of St. Louis ("City"); Mayor Francis G. Slay; and the Committee to Recall Melinda Long, consisting of Alderwoman Bernice Jones King, Cizzerine Ford, Fontella Harper Jones, Bobby R. Denwood, Victoria Trent, Clarice Honeywood, Anna Tyler, Ernestine Nixon, Samuel Nixon,[1] Claude Arnold, Shirley Everett and Albertina Stewart Walker. Plaintiff's original complaint was 70 pages long, consisting of 17 counts and 280 paragraphs. Plaintiff moved for leave to amend her complaint, submitting a proposed amended complaint that was 81 pages in length. The

---

[1]Samuel Nixon is reportedly deceased.

Court denied leave to file the amended complaint because it did not meet the pleading requirements of Federal Rule of Civil Procedure Rule 8(a) and would cause confusion for the Court and the parties if permitted to be filed. This Court ordered plaintiff to file an amended complaint complying with Federal Rule of Civil Procedure 8. On April 24, 2006, plaintiff filed the amended complaint which is the subject of the instant motions to dismiss.[2] The 26-page amended complaint is often unintelligible and difficult to decipher.

## II. DISCUSSION

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

A motion to dismiss should not be granted merely because a complaint does not state with precision every element of the claim necessary for recovery. Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which

---

[2]Separate motions to dismiss were filed by the Board of Elections; the City of St. Louis and Mayor Slay; The Committee to Recall Melinda Long; and Bernice Jones King.

an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

"When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003) (quotation marks omitted).

"Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000). To state a claim under 42 U.S.C. § 1983, plaintiffs must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Thus, to evaluate plaintiff's § 1983 claims, the Court must look to the complaint for a description of the constitutional rights alleged to be at issue. When the Court

finds that plaintiff has failed to present a viable claim for the violation of a right secured by the Constitution or laws of the United States, it is not necessary to address the second element further.

**Count One**

Count One consists of plaintiff's allegations as to the facts common to all counts and is void of any allegations pleading a cause of action against any specific party. The Court finds that plaintiff has failed to present a viable claim for the violation of a right secured by the Constitution or laws of the United States, and therefore will dismiss this count for failure to state a claim upon which relief can be granted.

**Count Two**

In Count Two, Long appears to plead a cause of action against the Board of Elections for violations of her Fourteenth Amendment rights in relation to a recall election in 2003. Plaintiff alleges that she made an effort to arrange a meeting to address the authenticity of the petition to recall her as alderwoman. She alleges that the Board violated her liberty interests protected by the due process clause in denying her a right to address the Board. Long further alleges she "has been subjected to deprivation by the Board, by and through its policy making authorities acting under color of law, of the rights, privileges and immunities secured to her by the United States Constitution and other laws, her rights to due process."

The Board argues Long's allegations are insufficient to state a claim because although she believes she should have been entitled to a public hearing in relation to the petition that was presented for her recall, she has failed to alleged that she was entitled to a hearing prior to the Board of Elections certifying the petition for recall and submitting the matter to the voters of the 21st Ward. Moreover, the Board argues, the City Charter for the City of St. Louis does not require or provide

the Board of Elections authority to conduct such hearings, and as a result, plaintiff has failed to state any facts setting forth a claim against the Board for a deprivation of her constitutional rights.

Due process claims are generally subjected to a two part analysis: Is the asserted interest protected by the due process clause, and if so, what process is due. Sanders v. Woodruff, 908 F.2d 310, 312 (8th Cir.), cert. denied, 498 U.S. 987 (1990) (quoting Tyler v. Black, 811 F.2d 424, 427 (1987), adopted in relevant part, 865 F.2d 191 (8th Cir.) (en banc), cert. denied, 490 U.S. 1027 (1989)). The rights provided by the Due Process Clause "extend only to the Fourteenth Amendment's protection of liberty and property." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993). While an interest may be created by state laws and policies, including prison policies, Board of Regents of State College v. Roth, 408 U.S. 564, 569-71 (1972), the simple specifications of such policies do not create a Fourteenth Amendment liberty interest. Williams, 1 F.3d at 717. Nor does the mere violation of a state law or rule, without more, constitute a federal due process violation. Id.

> State laws and regulations only create a protectable liberty interest when they (1) "place substantive limits on the exercise of official discretion;" and (2) contain "'explicit mandatory language'" comprising "'specific directives to the decision maker that if the regulations' substantive predicate Acts are present, a particular outcome must follow.'"

Williams, 1 F.3d at 717 (citations omitted).

Plaintiff has not alleged the minimum requirement of the violation of any rule or law that would entitle her to a hearing. This Court concludes plaintiff has failed to state any facts setting forth a claim against the Board for a deprivation of her constitutional rights and will dismiss this count.

**Count Three**

In Count Three plaintiff alleges that the Board of Elections failed to comply with the City Charter by failing to find and certify as to the sufficiency of the recall petition within ten days of its

5

receipt. Long asserts the Board received the petition for her recall on January 10, 2003. It is undisputed that the City Charter requires the Board to certify whether the recall petition is sufficient within ten days, and that the Board certified the petition on January 21, 2003.

Assuming arguendo that the petition was not certified until the eleventh day, the Board notes that January 20, 2003, Martin Luther King Day, was a federal holiday, and the Board of Elections was closed in observance.

To state a claim under 42 U.S.C. § 1983, plaintiffs must establish the violation of a right secured by the Constitution or laws of the United States. Plaintiff has not done so. The facts which are alleged simply do not rise to the level of constitutional violations.

**Count Four**

Counts Four and Five are directed against the City.[3] In Count Four plaintiff claims she was unable to secure Community Development Block Grant (CDBG) funds from the United States Department of Housing and Urban Development ("HUD") for a structure she and a sibling purchased at 4563 Fair Avenue in the 21st Ward. Plaintiff alleges that she applied for CDBG funds but that defendant Bernice King, who was alderwoman at the time, would not support the issuance of such funds. Plaintiff seems to claim that the City required a letter of support from the Ward alderwoman before it would even consider for approval an applicant's request for CDBG funds. Plaintiff further alleges she attempted to notify City officials about alleged extortion attempts on the part of defendant King.

It is well settled in the Eighth Circuit that establishing a violation of due process as a basis for municipal liability under §1983 requires plaintiff to show more than mere negligence or

---

[3]Although this count is directed towards the City, Francis Slay, the mayor of St. Louis, is also mentioned in this count.

unreasonableness; a plaintiff must point to conduct by the municipality, or by employees acting with its knowledge, that shocks the conscience given the totality of the circumstances. Hayes, 388 F.3d at 674; Davis, 375 F.3d at 718; see also Young v. City of Little Rock, 249 F.3d 730, 734-36 (8th Cir. 2001)."

As extortion is an action under criminal law, it is not properly the basis for a civil claim. To the extent Long attempts to state a claim against the City on a respondeat superior theory for the acts, or lack of same, on the mayor's part, it fails. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978).

**Count Five**

In Count V plaintiff seems to allege that the City is liable for failing to act with respect to her allegations of extortion by defendant King, again claiming she reported this to the mayor. Plaintiff also incorrectly cites "Article 106.230," which is actually Missouri Revised Statutes § 106.230 (2000). This statute pertains to public officials failing to perform their official duties and the right of any individual to submit an affidavit to the prosecuting attorney of the applicable jurisdiction identifying such a public official, as well as how that official may fit within the parameters of this statute for possible use by the prosecuting attorney. However, plaintiff states that this paragraph was directed to the St. Louis prosecuting attorney.

This Court concludes plaintiff has failed to state any facts setting forth a claim against the Board for a deprivation of her constitutional rights and will dismiss this count. Moreover, the Court notes Long does not even allege she complied with the requirements of the statute, i.e., that she filed an affidavit. Instead, she asserts she filed a police report.

**Count Six**

Counts Six and Seven are directed to defendant King. In Count Six, plaintiff alleges that in 1997 and 1998, when defendant King was alderwoman of the 21st Ward, plaintiff submitted three separate applications for CDBG funds, and was told each time by King that the City did not have any money. Plaintiff alleges that in 1999 she completed a CDBG application and contacted King for a letter of support and that King attempted to bribe plaintiff by conditioning the letter of support on a percentage of the profit. Plaintiff alleges that King's action constituted a breach of her duties as alderwoman and as such were fraudulent.

King now moves to dismiss on the grounds that these claims are barred by the statute of limitations. Claims under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claim arose. Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam). The Missouri five-year personal injury statute of limitations, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 actions. See Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998); Lovejoy v. Goodrich, 798 F.2d 1201, 1202 n.2 (8th Cir. 1986).

Although courts look to state law to determine the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. See, e.g., Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980); Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir.1993); Day v. Moscow, 955 F.2d 807, 813 (2d Cir.), cert. denied, 506 U.S. 821 (1992). Under federal law, the statute of limitations does not begin to run until the plaintiff knows or has reason to know of the injury which is the basis of the action. Gartrell, 981 F.2d at 257; cf. Bressler v. Graco Children's Prod., Inc., 43 F.3d 379 (8th Cir. 1994) (under Iowa law, a cause of action accrues when plaintiff knows or should reasonably have discovered the injury and its cause). The Eighth Circuit looks to the face of the

complaint to determine when claims accrued in a Section 1983 action. See Penn v. Iowa State Bd. of Regents, 999 F.2d 305, 307 (8th Cir. 1993).

Plaintiff alleges the unlawful conduct by defendant King occurred in 1997, 1998, and 1999. Plaintiff filed this suit on December 20, 2005. Based on the above, plaintiff's claims in Count VI are clearly barred by Missouri's five-year statute of limitations and will be dismissed.

**Count Seven**

Count Seven is directed to defendant King. In Count Seven Long alleges that after she unseated defendant King to become alderwoman of the 21st Ward, defendant committed voter fraud by fraudulently obtaining voter signatures on a recall petition to oust plaintiff from office. Long asserts that King conspired to defraud the State of Missouri as well as citizens of the St. Louis metro area by submitting fraudulently obtained signatures on the petition. Long alleges the petition consisted of signatures with similar penmanship and that King authorized one or more individuals to sign names of others registered within the same household and/or community.

King moves to dismiss on the basis that Long has failed to allege that she was acting under color of state law with respect to the allegations. She contends that at the time of the events alleged in this count, King was no longer an official of the City of St. Louis, and therefore could not have been acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrong-doer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Private violation of constitutional rights or federal statutes by a private actor is not sufficient to state a claim under section 1983. See

9

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 940 (1982). A private actor may be liable under § 1983 if a plaintiff can establish a conspiracy or joint participation between the private actor and a state official to deprive the plaintiff of constitutional rights. See Lugar, 457 U.S. at 931; Myers v. Morris, 810 F.2d 1437, 1454 (8th Cir.), cert. denied, 484 U.S. 828 (1987).

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. See Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997)." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999). "The plaintiffs must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States. See Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993)." Id. If a plaintiff fails to establish that a state actor violated his rights under the Constitution or laws of the United States, his claims against the private actors must also fail. See Id.

Here as Long has failed to establish that a state actor violated her rights under the Constitution or laws of the United States, her claims against King must also fail. Id. The facts as alleged simply do not rise to the level of a constitutional violation.

**Counts Seven - Seventeen**

Counts seven through eighteen appear to be directed to the 21st Ward residents, individually or collectively. In counts seven through seventeen, plaintiff alleges that the 21st Ward residents, individually or collectively, violated her rights and privileges by collecting, attesting to signatures, and filing with the St. Louis Board of Elections a petition to have her recalled from her office as alderwoman.

Plaintiff does not identify the violation of a right secured by the Constitution or laws of the United States to hold an elected office. In her reply, plaintiff simply states, among other things, that her cause of action against these defendants is based on fraud. Accordingly, the Court will dismiss these counts. With respect to defendant Albertina Stewart Walker, the only activity for which she has been named as a defendant here is that she intervened in plaintiff's lawsuit against the Board of Election in 2003.

**Count Eighteen**

In Count Eighteen, plaintiff alleges that Albertina Stewart Walker verbally attacked and physically confronted her on more than one occasion and that her course of conduct was pursued for the purpose of initiating or causing a crime. She further alleges that Walker aided and assisted defendant King in King's attacks against her. She asserts the attacks amounted to and involved harassment. She asserts Walker "exuberated (sic) major disgruntle (sic) behavior towards Plaintiff. [Walker's] actions induced unlawful conduct, expression that criticized the judicial process, and expression that provoked a hostile community response." Amended Complaint at 24, ¶ 121. She alleges that Walker's "actions were done in retaliation to plaintiff's unveiling of defendant King's actions of nepotism and favoritism resulting in public discussion and defendant Ford's termination of employment." Plaintiff finally contends Walker caused her psychological injury and should be prosecuted for criminal offenses of causing actual bodily harm even where Walker had not physically attacked her.

The Court concludes that in Count Eighteen plaintiff has failed to present a viable claim for the violation of a right secured by the Constitution or laws of the United States and therefore will dismiss this count.

Finally, the Court notes that in the case caption, plaintiff cites 18 U.S.C. §§ 1503, 1513, and 1951. These statutes address crimes and criminal procedure that are brought by the federal government against an individual, and not by one citizen against another. To the extent Long is attempting to bring any cause of action in this civil matter under those statutes, these claims fail.

Accordingly,

**IT IS HEREBY ORDERED** that the Board of Election Commissioners' motion to dismiss is **GRANTED.** (Doc. 31).

**IT IS FURTHER ORDERED** that the City of St. Louis and Francis Slay's motion to dismiss is **GRANTED.** (Doc. 34).

**IT IS FURTHER ORDERED** that Bernice Jones King's motion to dismiss is **GRANTED**. (Doc. 38).

**IT IS FURTHER ORDERED** that The Committee to Recall Melinda Long's motion to dismiss is **GRANTED**. (Doc. 29).

**IT IS FURTHER ORDERED** that all remaining motions are **DENIED** as moot. (Docs. 24, 32, 42, 45)

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of October, 2006.